## Jane C. Harrison, Appellant, *v.* The Union National Bank of Lewisburg, Pa., Enoch Miller and Chauncy Foster.

*Party wall—Preliminary injunction—Secret user—Easement.*

A preliminary injunction to restrain the taking down of an alleged party wall will not be sustained where it appears that the wall was entirely on the land of defendant, and where, there being no express grant, the easement or right of plaintiff to have the wall maintained as a party wall must depend wholly upon prescription based upon a user invisible to and unknown by the owner who was a successor in the title after the alleged imposition of the easement.

Argued Feb. 16, 1900.   Appeal, No. 17, Feb. T., 1900, by plaintiff, from decree of C. P. Union Co., Sept. T., 1899, No. 1, dissolving preliminary injunction.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.   Per Curiam.

Bill for injunction.   Before MCCLURE, P. J.

It appears from the bill, answer and proofs that the plaintiff and the bank, defendant, were owners of adjoining lots in Lewisburg, upon each of which there has been for many years a two-story brick building.

The house on the bank lot was erected in 1830 and 1831, by Hugh McLaughlin, the then owner, and the west wall thereof was located entirely on his land.   Three or four years afterwards Joseph Bowes, the owner of the adjoining lot, now the plaintiff's, built his house on the same general lines and of like materials, using the west wall of the McLaughlin house for his east wall, fastening the timbers of the roof together with an iron strap, inserting the beam on the third floor in the wall and attaching it to a like beam in the McLaughlin house by an iron strap.   He also interlocked the face of the front wall with the wall of his neighbor thus making an apparently solid and continuous front for the two buildings.   The rear walls were also joined by the insertion of bricks in the McLaughlin house.

Hugh McLaughlin conveyed his house and lot to William Murray in 1839.   Murray sold to William Jones in 1866, and Jones aliened to the defendant bank in April, 1899.   We have

no evidence that any of the bank's predecessors in title had knowledge of the use being made of the west wall for the support of the timbers of the Harrison house.

It was claimed by the bill that the wall in dispute is a party wall between the two buildings and has been so used for twenty-two years and upwards. This was denied in the answer and the court upon hearing on bill, answer and proofs dissolved the preliminary injunction theretofore granted. Plaintiff appealed.

*Error assigned* among others was in refusing to continue the preliminary injunction and in ordering the same to be dissolved.

*Frederic E. Bower* and *James Scarlett*, with them *W. J. Wilkinson*, for appellant.—Under the Act of June 8, 1891, P. L. 208, the plaintiff, as owner and reversioner, could maintain this bill. Their right in this regard is not questioned. The case being heard on bill, answer and proofs the effect of the decree of dissolution of the preliminary injunction was to permit the destruction of plaintiff's property which it was the sole object of the bill to preserve. It finally adjudicated the question as to whether the wall was a party wall. If not final, the object of the bill could not have been secured, and in this respect equity would be powerless to grant relief.

Under the case of Denny v. Brunson, 29 Pa. 382, and the Act of February 14, 1866, P. L. 28, such an effect could not follow.

The principle of the decisions is that such a wall as the one in question became a party wall by user: McVey v. Durkin, 136 Pa. 418; Tate v. Fratt, 112 Cal. 613; Barry v. Edlavitch, 84 Md. 95.

Illustrations are given in Fetters v. Humphreys, 18 N. J. Eq. 260, of the signs that are necessary to give notice of an apparent or continuous easement to an intending purchaser. All these signs are present in the case at bar.

*J. C. Bucher*, for appellees.—The rule is, that a purchaser of real estate, to which an apparent easement is attached, is affected with notice of the true origin and history of that easement. But without its being apparent and in the absence of express notice, he takes it discharged of the easement: O'Brien's Appeal, 11 W. N. C. 229.

276          HARRISON *v.* THE BANK.

Arguments—Opinion of the Court. [13 Pa. Superior. Ct.

All the cases are based upon the theory that the easement is so apparent as to be open to ordinary observation so that a purchaser exercising his natural faculties, can see and inquire and thus inform himself, and buy with his eyes open : Heimbach's Appeal, 19 W. N. C. 69.

There was nothing visible in 1899 when the bank bought the lot in dispute to show that it was burdened with an easement. The law hates secret liens and hidden equities and will not enforce them against an innocent purchaser for value : Stille v. Simes, 12 W. N. C. 437 ; Heimbach's Appeal, 19 W. N. C. 69.

PER CURIAM, April 23, 1900:

This is an appeal from an order dissolving a preliminary injunction restraining the defendants from taking down a wall alleged by the plaintiff to be a party wall. Prior to the hearing of the motion the defendant filed an answer alleging that the wall is located entirely on its land, and there is no distinct averment in the bill to the contrary. Nor, we may add, does the testimony given on the hearing of the motion show the contrary. The learned judge was clearly right in disposing of the motion upon the assumption that the wall is entirely upon the defendant's land. Under the pleadings and proofs this fact was not in dispute. This being so, the question for decision was whether the land of defendant is subject to an easement or right in the plaintiff to have the wall maintained as a support for the floor beams of her house, or as an enclosure for that side of her house. This right or easement, if it exists, depends wholly upon prescription. There is not a spark of evidence of an express grant, nor, on the other hand, is there any evidence that the use which the plaintiff and her predecessors in title made of the wall as a support for the floors of her house was merely permissive and not adverse. If the suit were between the owners of the buildings at the time the plaintiff's building was erected, it may be conceded for present purposes (but without deciding the point), that the evidence as to the user would be sufficient to cast on the defendant the burden of proving that it was under some license, indulgence or special contract inconsistent with a claim of right by the other party. For, as the learned judge says, McLaughlin, the original owner of the defendant's building,

must have known of the acts of Bowes, the original owner of the plaintiff's building, and of the use he made of the wall when he erected his building.    But the title to the McLaughlin lot has changed hands twice since the erection of the plaintiff's building, and, before the last change, material alterations in the outer appearances of the structures were made.    The question then arises whether or not the subsequent purchasers had notice of the alleged easement, that is, whether it was so apparent and open to ordinary observation that a purchaser exercising his natural faculties could see that the estate he was about to purchase was burdened with an easement.    Without discussing in detail the evidence bearing upon that question we conclude that as the case is now presented the plaintiff's right is not so clear as to warrant us in reversing the learned judge's findings of fact and reinstating the injunction.    As the case must go to a final hearing this is all that need be said upon that matter at this time. It is a mistake to suppose that the dissolution of the injunction was a final adjudication that this is not a party wall, and was in effect a permission to the defendant to proceed with its demolition.    If, upon final hearing, the plaintiff's legal right and her right to equitable relief be clearly established the court will not be powerless to give such redress as the pleadings and evidence then warrant.

The decree is affirmed and the appeal dismissed at the costs of the appellant.